# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGES FOR TEACHER EDUCATION, *et al* | * |
| *Plaintiffs-Appellees,* | * |
| v. | Appeal No: 25-1281 |
| LINDA MCMAHON, *et al* | * |
| *Defendants-Appellants.* | * |

## APPELLEES' MOTION TO SUSPEND BRIEFING SCHEDULE AND RELATED DEADLINES

Pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27, Plaintiffs/Appellees American Association of Colleges for Teacher Education ("AACTE"), National Center for Teacher Residencies ("NCTR"), and Maryland Association of Colleges for Teacher Education ("MACTE") (collectively, "Appellees") respectfully move to suspend the briefing schedule and all deadlines associated with the Time Sensitive Motion for Stay Pending Appeal filed by Appellants Linda McMahon, in her official capacity as Secretary of Education, U.S. Department of Education (the "Department"), and Donald J. Trump, in his official capacity as President of the United States (collectively, "Appellants" or the

"Government"). Appellants oppose this motion. In support of this motion, Appellees state as follows:

1. On March 3, 2025, Appellees initiated this litigation in the District of Maryland challenging the Department of Education's blanket termination of grants under three statutory teacher education grant programs. Appellees contemporaneously filed a Complaint (ECF No. 1)[1] and Motion for Temporary Restraining Order/Preliminary Injunction ("Motion for TRO/PI") (ECF No. 5). The Government filed a response in opposition on March 11, 2025 (ECF No. 24) and Appellees filed a reply on March 12, 2025 (ECF No. 25). The District Court conducted a hearing on the Motion for TRO/PI on March 13, 2025. The Court granted in part the Motion for TRO/PI on March 17, 2025. (ECF No. 33)

2. The Government filed an emergency motion for reconsideration of the March 17th Order (ECF No. 36), which the District Court denied (ECF No. 42). The Government then filed a motion for stay pending appeal (ECF No. 44), which the District Court also denied (ECF No. 45). The Government filed its notice of appeal on March 21, 2025 (ECF No. 46).

3. While this case has progressed in the District Court, the Attorneys General of multiple states pursued litigation of substantially overlapping issues of

---

[1] Appellees cite to the District Court filings using the "ECF No. _" format.

law under the Administrative Procedure Act concerning the termination of grants under the same federal programs in *California v. United States Department of Education*, Civ. No. 1:25-cv-10548-MJJ, (D. Mass.). After the District of Massachusetts issued a temporary restraining order, the Government appealed to the U.S. Court of Appeals for the First Circuit. *See California v. U.S. Department of Education*, No. 25-1244 (1st Cir.).

4. Before the First Circuit, the Government filed an emergency motion to stay the district court's order. (No. 25-1244, Mot. to Hold Briefing Schedule in Abeyance (1st Cir. Mar. 12, 2025)). The parties fully briefed the motion, and the First Circuit denied the Government's request to stay. (No. 25-1244, Order (1st Cir. Mar. 21, 2025)). Upon denying the Government's motion, the First Circuit entered an expedited briefing schedule. (No. 25-1244, Expedited Briefing Schedule (1st Cir. Mar. 24, 2025)).

5. On March 26, 2025, the Government submitted to the Supreme Court an Application to Vacate the Order issued by the United States District Court for the District of Massachusetts and Request for an Immediate Administrative Stay (the "Application"). *See Department of Education v. California*, No. 24A910 (U.S.).

6. While the Application remains pending,[2] the Government filed in the First Circuit a Motion to Hold Briefing Schedule in Abeyance or, in the Alternative, for 14-Day Extension. (No. 25-1244, Mot. to Hold Case in Abeyance, (1st Cir. Mar. 27, 2025)). In it, the Government argued:

> The government's application to the Supreme Court raises many of the issues that are presented in this appeal. In resolving that application, the Supreme Court may thus provide additional guidance regarding those issues, which would properly inform any future briefing in this appeal.
>
> *   *   *
>
> [P]utting the briefing schedule into abeyance—or granting a short extension of the deadline for the opening brief—will conserve party and judicial resources and promote the efficient and orderly disposition of this appeal.

(*Id*. at 2).

7. The First Circuit agreed. On March 28, 2025, that Court entered an order holding the briefing schedule in abeyance. (No. 25-1244, Order (1st Cir. Mar. 28, 2025)).

8. The reasons articulated by the Government before the First Circuit apply with equal force here. The Supreme Court's disposition of the Application will inform any future briefing in this litigation. A short suspension of deadlines "will conserve party and judicial resources and promote the efficient and orderly

---

[2] The Plaintiffs/Appellees State Attorneys General filed an opposition to the application on March 28, 2025.

4

disposition of this appeal," in which overlapping issues of law are presented as those pending before the Supreme Court.

9. Although it opposes the relief sought, the Government will not be prejudiced by a brief suspension of deadlines in this case. Notably, the Government did not file an "emergency" motion seeking a stay in this Court. Instead, it filed a "time-sensitive" motion, requesting a ruling by April 7, 2025, without indicating any facts or offering any argument as to why a decision by that date is necessary. A brief suspension of the briefing schedule and other deadlines in this case—principally the deadline for Appellees to oppose the Government's "Time Sensitive Motion for Stay Pending Appeal"—is warranted in light of the likelihood that any action by the Supreme Court in the pending application may have an impact on the trajectory of this case as well.

10. Therefore, Appellees respectfully request that this Court suspend the briefing schedule and the deadline for Appellees to oppose the Government's "Time Sensitive Motion for Stay Pending Appeal," until such time that the Supreme Court disposes of the presently-pending application.

Date: March 31, 2025

Respectfully Submitted,

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
Tel: (215) 972-7737
Joshua.Richards@saul.com

Daniel M. Moore
SAUL EWING LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland 21202
Phone: (410) 332-8734
Daniel.Moore@saul.com

*Counsel for Appellees American Association of Colleges for Teacher Education, National Center for Teacher Residencies, and Maryland Association of Colleges for Teacher Education*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A) and Local Rule 27, I certify that this Motion to Suspend Briefing Schedule and Related Deadlines is proportionately spaced, in 14-point Times New Roman font, and contains 909 words.

Date: March 31, 2025

Respectfully Submitted,

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
Tel: (215) 972-7737
Joshua.Richards@saul.com

*Counsel for Appellees American Association of Colleges for Teacher Education, National Center for Teacher Residencies, and Maryland Association of Colleges for Teacher Education*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 31, 2025, a copy of the foregoing Motion to Suspend Briefing Schedule and Related Deadlines and proposed order was served the CM/ECF system upon all persons entitled to such service.

Date: March 31, 2025

Respectfully Submitted,

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
Tel: (215) 972-7737
Joshua.Richards@saul.com

*Counsel for Appellees American Association of Colleges for Teacher Education, National Center for Teacher Residencies, and Maryland Association of Colleges for Teacher Education*