

Joshua W. Richards
Phone: (215) 972-7737
Fax: (215) 972-7725
Joshua.Richards@saul.com
www.saul.com

April 7, 2025

**Via CM/ECF**

Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
Office of the Clerk
1100 East Main Street, Suite 501
Richmond, VA 23219

    Re:   *American Association of Colleges for Teacher Education et al. v. McMahon et al.*
             Civil Action No 25-1281

Dear Ms. Anowi,

    I write to supplement the Government's April 4, 2025 letter to the Court regarding the Supreme Court's order of the same date in *Department of Education v. California*, No. 24A910 (U.S. Apr. 4, 2025). Contrary to the arguments in the Government's letter, the Supreme Court's per curiam order in *California* does not dictate any outcome on the pending motion for four reasons.

    *First*, the Supreme Court's order in *California* substantially relies on the per curiam conclusion that the Government in that case "compellingly argues that respondents would not suffer irreparable harm while the TRO is stayed" because the respondents represented that they have the "financial wherewithal to keep their programs running." (*Id*. at 2). That conclusion is categorically at odds with this case; the evidence in the record here amply reflects that Appellees *will* suffer substantial harm absent a stay – including forcing many of Appellees' member organizations to shutter their programs entirely (App.5, 20-35, 100, 128-129).[1] On top of that, the Government has conceded that very same irreparable harm. *See* ECF No. 24 at 13 ("Defendants do not dispute that Plaintiffs can establish irreparable harm"); Supp.Appx.0076-0077 ("[W]e have conceded irreparable harm here"); App.100 (crediting that "Defendants do not dispute Plaintiffs will suffer irreparable harm in the absence of an injunction"); *see also* (App.128) (recognizing the

---

[1] By way of example, without TQP grant funding, American University's Residency for Excellence in Teaching and Learning program "will be forced to close" (App.24) and absent its SEED grant funding, Appellee NCTR will be deprived of its "ability to continue [] thirteen teacher residency programs" (App.22).

Centre Square West, 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186 ♦ Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

Government's "inappropriate effort to generate a dispute on this point for the first time. . . ."). For that reason alone, the balancing conducted by the Supreme Court in *California* lacks traction here.

*Second*, unlike in *California*, Appellees' seek an injunctive remedy reversing the Government's unlawful placement of Grant Recipients' grants on "route pay" conditions, in contravention of federal regulations, which impede the Grant Recipients from obtaining allowable funds in a timely manner. That is paradigmatic APA-based equitable relief not contemplated by the Supreme Court's analysis. (App.38). Appellees likewise seek injunctive relief in the form of a prohibition on likely additional terminations.

*Third*, to the extent that the Supreme Court's per curiam order suggests a premature determination that requiring federal agencies to comply with federal regulations in mass-terminating grants equates to an order for "money damages," such a holding would *sub silentio* overrule *Bowen v. Massachusetts*, 487 U.S. 879 (1988). But unless *Bowen* is actually overruled, it remains binding on this Court notwithstanding any hints about what the Supreme Court's future precedents may hold. The consequences of erroneously treating the Supreme Court's order on a preliminary record as binding in this case would cause devastating and irreparable harm. As described in Appellees' brief, it is in substantial doubt that the Federal Circuit could conclude that it has jurisdiction over Appellees' claims, *see* Dkt. No. 18 at 6-10 and Dkt. No. 19 at 9-11, a problem not addressed in the Supreme Court's order, and one which is likely to deprive Appellees of any remedy for a practice that is manifestly unlawful.

And *fourth*, the Supreme Court concluded in *California* that the states had not "refuted the Government's representation that it is unlikely to recover the grant funds once they are disbursed," but Appellees here have made a strong showing that any alleged excessive outflow of money is purely speculative, and is prohibited in federal law, and the Government's assertion that it will be unable to recover funds is belied by the many regulatory safeguards designed to protect the Government from this theoretical injury. *See* Dkt. No. 19 at 19-20.

For all of the foregoing reasons, and those articulated in Appellees' Opposition to the Government's Time Sensitive Motion for Stay Pending Appeal, a stay in this case should be denied.

Very truly yours,

Joshua W. B. Richards

cc: All counsel (via CM/ECF)