# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGES FOR TEACHER EDUCATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> LINDA MCMAHON, in her official capacity as Secretary of Education, *et al.*, <br><br> *Defendants*. | Civil No.: 1:25-cv-00702-JRR |

## ORDER

The court has before it Plaintiffs' Rule 60(b) Motion to Dissolve Preliminary Injunction and Request for Indicative Ruling Under Rule 62.1 (ECF No. 52; the "Motion") and the parties' Joint Notice at ECF No. 55 in which the parties advise that Defendants "do not oppose" Plaintiffs' requested relief. The court convened an on-record conference on May 5, 2025, to discuss generally the Motion and how dissolution of the preliminary injunction entered at ECF No. 33 (the "PI") would affect the case.

As shared with the parties at the conference, the court struggles to see a substantive or procedural advantage to the progress of this action, judicial economy, or the respective (or shared) interests of the parties if the court were to dissolve the PI. By way of background, on April 10, 2025, the Fourth Circuit granted Defendants' motion to stay the PI pending appeal (ECF No. 50) in view of *Department of Education v. California*, 604 U.S. --- , 145 S. Ct. 996 (2025), in which the Supreme Court – on consideration of the Government's request for immediate administrative stay of a similar injunction entered by the District of Massachusetts – found the "Government is likely to succeed in showing the District Court lacked jurisdiction . . . under the APA" based on

application of the Tucker Act. 145 S. Ct. at 968. Before the Supreme Court considered the requested stay in *California*, this court had already issued an opinion (ECF No. 42) that the Tucker Act does not divest this court of subject matter jurisdiction – based on long-standing Supreme Court and other precedent.

Defendants are candid that they will file a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction should this court grant the Motion and the action be remanded for dissolution of the PI. Regardless, even if Defendants did not file such a motion, the court would be obliged to raise the issue *sua sponte* in view of the Supreme Court's evaluation of the "likelihood" that the Tucker Act applies in *California* – this case's doppelganger. Given that the Fourth Circuit already has before it this precise issue, the court concludes there is simply no gain to be had by issuing the requested indicative ruling (and subsequently dissolving the PI on remand).

Therefore, the Motion (ECF No. 52) shall be, and is hereby, **DENIED**.

/S/

May 6, 2025

Julie R. Rubin
United States District Judge