

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: 202-616-2875

February 11, 2026

**VIA CM/ECF**

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

RE: *U.S. Department of Education, et al., v. American Association of Colleges for Teacher Education, et al.*, No. 25-1281 (4th Cir.) (oral argument not scheduled)

Dear Ms. Anowi:

On October 8, 2025, this Court held this case in abeyance pending the decisions in *Sustainability Inst. Rural Advancement Found. v. Trump*, No. 25-1575 (4th Cir. Jan. 21, 2026) and *Sols. in Hometown Connections v. Noem*, No. 25-1640 (4th Cir. Jan. 23, 2026). These opinions have now been issued. They confirm that the preliminary injunction in this case—which reversed the Department of Education's termination of teacher education grants—was issued without subject matter jurisdiction and should be reversed.

In *Sustainability Inst.*, this Court reversed a district court's order that had reinstated environmental and agricultural grants. 2026 U.S. App. LEXIS 1431, at *3–4. This Court held that the district court lacked jurisdiction under the Administrative Procedure Act (APA) because the suit was "designed to enforce obligations to pay money pursuant to Plaintiffs' grants." *Id.* at *12. This Court found such a claim essentially contractual and therefore belongs exclusively in the Court of Federal Claims under the Tucker Act. *Id.* In reaching this conclusion, this Court rejected the very arguments Plaintiffs advance here—that the source of the rights and relief they sought were not contractual (Pls. Br. 21–23)—concluding that "Plaintiffs identify no source of law, besides their grant agreements" entitling them to continued payments. *Id.* at *18–19. And the remedy of reinstatement of grants, this Court clarified, is "the classic *contractual* remedy of specific performance." *Id.* at *20 (emphasis in original).

Similarly, in *Sols. in Hometown Connections*, this Court affirmed the denial of a preliminary injunction under the APA that would reverse the termination of citizenship education grants. 2026 U.S. App. LEXIS 1736, at *3. This Court concluded that the plaintiffs were unlikely to establish jurisdiction because they sought to "restore funding" and prevent the government from "blocking the disbursement of grant funds." *Id.* at *20.

As both these decisions demonstrate, the district court's preliminary injunction in this case reversing the termination of teacher education grants should be reversed.

Sincerely,

*s/*
Benjamin C. Wei
Attorney

cc: Counsel of Record (via CM/ECF)

# CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 323 words.

*s/*_____
Benjamin C. Wei

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I electronically filed the foregoing letter with the Clerk of the U.S. Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/*_____
Benjamin C. Wei